| 23   247|
| 631  445|

THE SINGER MANUFACTURING COMPANY v. CONVERSE
ET AL.

1. CONTRACTS—SIGNATURE.
The signature of the lessor to the instrument set out in the statement
    was not necessary to constitute it a lease.

2. SALES.
The lessees of chattels cannot, as against the lessor, pass title by a sale
    thereof even to a *bona fide* purchaser without notice.

3. PLEADINGS, HOW CONSTRUED.
A pleading is to be taken and considered as a whole in determining its
    effect.   Specific averments of facts which were sufficient to put the
    pleader upon inquiry and charge him with notice of another fact
    must control general denials of notice thereof.

4. CONDITIONAL SALES.
A condition to a sale is good as against a purchaser from the vendee
    with notice.

*Error to the County Court of Arapahoe County.*

THE complaint alleges that The Singer Manufacturing
Company was the owner of a sewing machine, which, on the
10th of December, 1892, it delivered to one Eva Redd, under
and in pursuance of the following instrument in writing:

" LEASE.

" This certifies that I, Mrs. Eva Redd, * * * have received
of The Singer Manufacturing Company * * * one Singer
sewing machine, * * * with apparatus belonging thereto, all
in good order and valued at seventy dollars, which I am to
USE WITH CARE, and keep in like good order, and for the
use of which I am to pay as follows: five dollars cash on the
delivery of this agreement, the receipt whereof is hereby
acknowledged, and accepted as payment for the rent of the
first month only, and then at the rate of five dollars per
month, payable in advance, on the 10th day of each month,
hereafter, for 6 months, at its agency in Denver City, Colo.,
without notice or demand.

" But if default shall be made in either of the payments, or if I shall sell, or offer to sell, remove or attempt to remove, the said machine from my aforesaid residence, without the written consent of The Singer Manufacturing Company, then, and in that case, I agree to return the same, and that it or its agent may resume actual possession thereof; and I hereby authorize and empower the said The Singer Manufacturing Company, or its agent, to enter the premises wherever the said machine may be, and take and carry the same away, hereby waiving any action for trespass or damages therefor and disclaiming any right of resistance thereto; and also waive all right of homestead or other exemptions, under laws of said state as against this obligation.

" Witness my hand and seal, this 10th day of December, 1892.

"MRS. EVA M. REDD.   (SEAL) "

It is further alleged that said Eva Redd paid only the sum of five dollars for the first month for said machine, and has wholly failed to pay any rent for the succeeding months as stipulated; that after the delivery of the machine by the plaintiff to said lessee, she sold and mortgaged the same to the Star Loan Company without plaintiff's knowledge or consent, and thereafter the said mortgagee wrongfully sold and delivered the same to the defendants in this action.

To the complaint alleging this state of facts there was filed in answer, in general terms denying the right of the plaintiff to recover, in which answer, however, the defendants admitted that when said machine was delivered to Eva Redd she executed and delivered to the plaintiff the so-called lease or instrument in writing set out in the complaint. They claimed, however, that the same was not signed by the plaintiff, and did not then fully express the agreement actually made between the plaintiff and said Redd in reference to the sewing machine.

The true nature of the transaction between plaintiff and said Redd, instead of a lease, was said to be a conditional sale

of the sewing machine to said Redd upon the installment plan, it being agreed between them that said Redd should pay for the machine in payments of five dollars a month, and when she had fully made all of the six payments provided for, said Redd was then to become the absolute owner of the machine without further or other transfer or conveyance; and in case of a failure so to pay, the vendor was authorized to resume possession of the property, according to the terms of the said instrument set out in the complaint.

It was then alleged that while the said Redd was in possession of the machine, and while she was not in default to the plaintiff, she borrowed of the Star Loan Company a certain sum of money, to secure the payment of which she executed a chattel mortgage upon this machine; and that afterwards, upon violation of the terms of the chattel mortgage by said Redd, the mortgagee took possession of the mortgaged property, and, in accordance with the terms of the chattel mortgage, made a sale of the mortgaged property to the defendants in this action.

It is further alleged that neither the said mortgagee nor any of the defendants at the time they acquired their rights had knowledge or notice of any claim on the part of the plaintiff to said sewing machine, but they, and each of them, bought the machine in good faith for value, without knowledge or notice of plaintiff's right or claim thereto.

To this answer the plaintiff filed a demurrer on the ground that it constituted no defense. This was overruled by the court, and the plaintiff electing to stand thereby, the court gave judgment for the defendants. To reverse this judgment plaintiff prosecutes this writ of error.

Mr. R. H. GILMORE, for plaintiff in error.

Messrs. WHITFORD & LINDSLEY, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The answer denies that the plaintiff is the owner, or enti-

tled to the possession, of the machine in controversy. It also denies that the defendants had any knowledge or notice of the plaintiff's claim thereto when they purchased. The answer, however, must be taken in its entirety. That the plaintiff was once the owner is admitted. The answer further admits that the plaintiff delivered the machine to Redd, and that upon such delivery she executed and delivered to the plaintiff the instrument in writing set out in the complaint. Upon its face this is a lease, and nothing else. But defendants say that the plaintiff did not sign the writing, and therefore the transaction between the plaintiff and Redd did not amount to a lease. Plaintiff's signature was not essential thereto. It delivered the machine, and thereby performed its part of the contract, and the execution of the writing by Redd alone, and its delivery to the plaintiff, made the same a binding obligation upon her.

If, then, this writing correctly evidences the transaction, it was a lease, and the lessee had no authority to sell, or convey title to, the leased property, even to a *bona fide* purchaser without notice of the lessor's rights.

But the answer further alleges that the transaction as set forth in the complaint was not a lease, but a conditional sale; and that the title did not pass to the conditional vendee until she paid the full purchase price. Nevertheless, the defendants say they are entitled to the property, because, without notice of this claim of the plaintiff, they bought the machine relying upon the *indicia* of ownership arising from the possession held by said vendee.

Whether their claim concerning the nature of the transaction between plaintiff and Redd is based upon their construction of the writing denominated a "lease," or whether it is founded upon another and distinct agreement in terms constituting the transaction a sale, is somewhat difficult to determine if we take into consideration merely one or more separate allegations of the answer. But taking the pleading as a whole, and considering that it admits the delivery of the machine by plaintiff to Redd under the terms of the

so-called lease, and also alleges that if Redd failed to pay as stipulated the plaintiff is authorized to resume possession according to the terms of that instrument, and that no claim is made that there was any transaction between the parties relating to the machine other than that evidenced by this writing, it seems that the former supposition is correct, and that the defendants themselves concede that this so-called lease measures the rights of the parties.

This is further manifest from the argument of appellee's counsel and the citation of authorities by them that such a transaction, though under the guise of a lease, is, in fact, a sale. If such be the basis for their claim, the judgment below is wrong, for such a construction of this writing is unwarranted, as there is nothing in its provisions, or on its face, that constitutes the transaction a conditional sale.

On the assumption, however, that the sale was a conditional one under a distinct agreement therefor (which we think the answer does not sufficiently make apparent), we still think the court erred in overruling the demurrer. A demurrer admits only such facts as are well pleaded. The answer, it is true, denies that the defendants had any knowledge or notice of the plaintiff's claim; but the answer, as has been said, must be taken as a whole.

True it is that the defendants deny knowledge when their purchase was made; but they admit in their answer that Redd held the property as a conditional vendee with the title still in her vendor till the terms of the sale were complied with, and that such compliance was not had. While, therefore, they deny generally any knowledge by them of plaintiff's claims of ownership, they specifically aver knowledge of the terms and conditions of the sale. These averments could not have been made had not the defendants known of the conditional sale and its terms. They failed to negative the fact that this knowledge existed when they bought; and while they aver knowledge of the sale and its terms, they apparently seek to escape the consequences thereof by alleging that assurances were given by the conditional ven-

dee that she had complied with those terms. This they cannot do, for they had notice of facts sufficient to put them upon inquiry that would have resulted in their learning that the payments had not been made. Furthermore, in view of these facts, the allegations of general denial must be given no other or different effect than mere conclusions of the pleader, and must yield to the other specific allegations of facts which we hold are equivalent to averments of notice. The case, then, is governed by the doctrine laid down in *Jones v. Clark*, 20 Colo. 353, which holds that a conditional sale is good as against a purchaser with notice of its terms.

We are asked by counsel for appellant in the case before us to establish the general rule said to be enunciated in *Harkness v. Russell*, 118 U. S. 663, referred to approvingly in the *Jones Case, supra*, that "in the absence of fraud, an agreement for a conditional sale is good and valid, as well against third persons as against the parties to the transaction," whether the third persons be *bona fide* purchasers with or without notice. But as our construction of the answer is that the defendants have failed to show that they were without notice of the plaintiff's claim, we rest our decision on the doctrine of the *Jones Case*. What we might say, therefore, as to the general rule contended for by the appellant would be *obiter*.

It follows that the judgment of the district court should be reversed and the cause remanded, and it is so ordered.

*Reversed.*