## The National Cash Register Company *vs.* John Lesko.

Third Judicial District, New Haven, June Term, 1904.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

General Statutes, § 4864, which was originally enacted in 1893, provides
that all " contracts " for the sale of personal property, conditioned
that the title thereto shall remain in the vendor after delivery, shall
be in writing, describing the property and all conditions of the sale,
and shall be acknowledged before competent authority and recorded
within a reasonable time in the town clerk's office in the town where
the vendee resides. *Held* that the word "contracts" was not
used in a technical sense, nor to describe any particular form
of instrument by which the conditional sale must be made, but
rather to embrace all kinds of writings by which such sales might
be made; and therefore a written order addressed to the vendor
and signed and acknowledged by the vendee alone, which described
the property, its price and all the terms under which it was to be
received and purchased, was a " contract " within the meaning of
the statute, although when recorded it did not show upon its face
that the terms of sale set forth therein had been accepted by the
vendor, nor that the goods had been delivered.

The real purpose of requiring a record of such sales to be made is to
protect those who, because of the vendee's visible possession and
apparent ownership, may be led to believe him to be the actual
owner of the property.

In the present case the notary public who took the acknowledgment
was the vendor's selling agent. *Held* that this did not disqualify
him from taking the acknowledgment of the conditional vendee.

A written agreement which is recorded the day following the receipt
of the goods is recorded within " a reasonable time."

Argued June 7th—decided October 7th, 1904.

Action in the nature of conversion, brought to and tried
by the Court of Common Pleas in Fairfield County, *Curtis, J.;*
facts found and judgment rendered for the plaintiff, and ap-
peal by the defendant. *No error.*

*John C. Chamberlain,* for the appellant (defendant).

*John J. Phelan,* for the appellee (plaintiff).

HALL, J. On the 3d of July, 1902, Joseph W. Wess of Bridgeport signed and acknowledged before one Law, a notary public and the plaintiff's selling agent, and delivered to said Law, a written instrument entitled " Contract order," the material parts of which are as follows : " National Cash Register Co., Dayton, Ohio. Please ship to us at our place of business, Avon Park, Stratford Ave., as soon as possible, two of your No. 47 . . . Registers. . . . In consideration of the above we agree to pay to you $350, . . . being price of register. . . . $60 upon delivery, balance $50 monthly until paid. Register to be delivered by July 15th. . . . In default of any payment, you or your agent may take possession of and remove the cash register without legal process, and in such case all payments theretofore made by me under this order shall be deemed and considered as having been made for the use of such register. . . . Should the register get out of order any time within two years from the date of shipment, you to quickly repair the same, gratis. . . . It is agreed that the title to the said cash register shall not pass until the purchase price, or any judgment for the same, is paid in full, and shall remain your property until that time. It is expressly agreed that this order shall not be countermanded. This contract covers all agreements between the parties hereto. Yours truly, Joseph W. Wess."

The registers were delivered to Wess on or about the 16th of July, and said instrument was recorded in the town clerk's office at Bridgeport on the 17th of July.

Wess failed to pay any of the instalments on the price of the registers, and in the fall of 1902 delivered one of them to the defendant as security for money borrowed of him, and the defendant received the same in good faith believing it to be the property of Wess. Before the commencement of the present action, and after learning of an adverse claim to the register, the defendant sold it to reimburse himself for his loan.

The defendant claimed, among other things, in the trial court: (1) that the above-described writing did not constitute a contract of conditional sale as required by the statute

(§ 4864) ; (2) that there was " no contract of conditional sale entirely in writing, signed by the parties and duly recorded as provided by law ; " (3) that " said Law was not competent authority to take the acknowledgment of said contract."

Section 4864 of the General Statutes does not require that every instrument by which a conditional sale is made shall be in the form of a complete contract, containing a statement by each party of what he has done or promises to do, and what proposals of the other party he accepts, nor does the statute provide that the written instrument of sale shall be signed by the parties. The requirement of the statute is not that all conditional sales of personal property shall be by contract in writing, etc., but that " all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of said sale, and shall be acknowledged before some competent authority and recorded within a reasonable time in the town clerk's office in the town where the vendee resides." The words " all contracts " are not used in the statute for the purpose of naming the particular form of instrument by which conditional sales must be made, but as embracing the different kinds of instruments by which such sales may be made. From an examination of the numerous cases of conditional sales considered by this court, both before and since the passage in 1893 of the statute concerning conditional sales, it will be seen that we have held contracts of conditional sale to have been made, not only by instruments in the form of bills of sale signed by the conditional vendor alone, and by agreements signed by both vendor and vendee, but by other writings describing the property and the conditions of the sale, signed by the vendee only, and variously designated contracts, leases, receipts, etc. Some of the cases in which conditional sales have been held to have been made by instruments signed by the vendee only, are *Hine* v. *Roberts*, 48 Conn. 267 ; *Appleton* v. *Norwalk Library Corporation*, 53 id. 4; *New Haven Wire Co. Cases*, 57 id.

352; *Bank of Webster* v. *Alton*, 60 id. 402 ; *Robinson's Appeal*, 63 id. 290 ; *Lee Bros. Furniture Co.* v. *Cram*, ibid. 433 ; *In re Wilcox & Howe Co.*, 70 id. 220. In the case of *Lee Bros. Furniture Co.* v. *Cram*, we expressly held that the instrument signed by the vendee was a contract for the sale of property within the meaning of the Conditional Sale Act of 1893. In discussing the Act of 1895, the provisions of which are the same as those of §§ 4864 and 4865 of the General Statutes, we said in the case of *In re Wilcox & Howe Co.*, p. 228 that where, " by force of the contract, the general property in the subject-matter of the contract is ultimately to pass, for an agreed price in money, from its owner to the " conditional vendee " on the performance by " such vendee " of certain conditions ; and where this is intended to be the effect, operation and main purpose of the contract, it will, as a rule, be held to be one of conditional sale, without much regard to the name or the form the parties may give to it."

In the present case the writing was in the form of an order addressed to the plaintiff, signed by Wess, and containing his statement of the agreement under which the property was to be received and purchased. It stated the names of the parties to the transaction and the price to be paid for the registers; that the title was to remain in the plaintiff after the delivery of the goods, and described the property, and all the conditions of the proposed sale. When the plaintiff received this order and delivered the registers under it, there was a completed conditional sale of the machines by the plaintiff to Wess, in accordance with the terms of the order.

A written contract has been defined as " one which in all its terms is in writing." Bishop on Contracts (Enlarged Edition), §163. The signature of both parties is not always a necessary requisite to a written contract. The acceptance and performance by the plaintiff of the order signed by Wess was equivalent to a signing by the plaintiff of the agreement contained in it, and rendered it a written contract of conditional sale between the two parties. *Singer Mfg. Co.* v.

*Converse*, 23 Colo. 247; *American P. & E. Co.* v. *Walker*, 87 Mo. App. 503; *Plumb* v. *Campbell*, 129 Ill. 101; *Ames* v. *Moir*, 130 id. 582; *Luckhart* v. *Ogden*, 30 Cal. 547.

It is true that this instrument as recorded did not show upon its face that the terms of the sale, as agreed upon by the vendee, had been accepted by the vendor, and that the goods had been delivered; but a bill of sale signed by the vendor only, and stating the conditions of the sale, would not show that the vendee had accepted the goods upon the terms stated.   The real purpose of requiring instruments of this kind to be recorded is to protect those who, from the fact of possession and apparent ownership by the vendee, may be led to believe him to be the actual owner of property held by him under an agreement of conditional sale. Those for whose benefit conditional sales are required to be recorded, would receive from an inspection of the record of the instrument signed by Wess sufficient notice that the conditional sale had been made, and of all the facts which the statute requires to be stated in an instrument of conditional sale, and to appear of record.

In view of the fact that instruments signed by the vendee only have been so frequently termed by our courts contracts of conditional sale; that the statute makes no express provision as to the signing of such writings, and that the purpose of the statute will be as well subserved if the writing is signed by the vendee alone as it would be if signed by the vendor, or by both parties to the sale, it cannot justly be said that the legislature, while enumerating the indispensable requisites of a valid instrument of conditional sale, intended, by the language of §4864, to add to those expressly stated the further important one that every such writing must be signed by the vendor or by all the parties.

A party who may properly execute a written instrument, may acknowledge it, and a lawful acknowledgment by the vendee of his agreement of conditional sale, signed by him only, satisfies the requirement of the statute that the written instrument of sale "shall be acknowledged before some competent authority."

The mere fact that Law was the selling agent of the plaintiff and so indorsed the order, did not make him so interested in the sale as to disqualify him from taking the acknowledgment of Wess. *Sawyer* v. *Cox*, 63 Ill. 130; *Penn* v. *Garvin*, 56 Ark. 511; *Havemeyer* v. *Dahn*, 48 Neb. 536; *First Nat. Bank* v. *Roberts*, 9 Mont. 323; *Brereton* v. *Bennett*, 15 Colo. 254.

It was not necessary to record the agreement until the goods were delivered. It was recorded within a reasonable time when recorded the day after the registers were received by Wess.

There is no error.

In this opinion the other judges concurred.