McAusland *v.* Rieser.                    82 *Eq.*

---

MARY E. McAUSLAND, executrix, respondent,

*v.*

ELY J. RIESER et al., defendants.

[Submitted December 6th, 1913.    Decided March 16th, 1914.]

1. The statute relating to conditional sales of personal property (*P. L. 1889 p. 421*, as amended by *P. L. 1895 p. 302*) provides that all contracts of conditional sale of personal property shall be acknowledged or proved and recorded as required by the statute.—*Held*, that the word "contract" is not to be taken in its technical legal sense of a consummated agreement enforceable by the law, and that a written order for goods subject to the vendor appellant's approval signed by the vendee, witnessed by the vendor appellant's salesman, accepted a few days later by the vendor appellant, the salesman as subscribing witness proving the signature of the vendee, and the accepted order being duly recorded, constituted a sufficient contract within the statute.

2. The statute does not require in so many words that the contract of conditional sale shall be in writing, but this must be implied since it would be impossible to acknowledge or prove a mere oral contract, and it would be unusual if not impossible to record such a contract as our statute directs.

3. The question whether the proof was or was not by a subscribing witness is purely a question of fact, and where his uncontradicted testimony is that he put his signature on the paper at the time the contract was made, on the 8th of September (the date of the order) and not on the 19th (the date of acceptance), that the name of the vendor was not on the paper at the time, that he only witnessed the signature of the vendee, that the line from the word "witness" down toward his name was put there at the same time as his signature, such proof suffices to show that he is a subscribing witness.

4. Whether the vendee signed and delivered the contract as her voluntary act and deed is also a question of fact, and there is no reason why the subscribing witness may not infer the voluntary character of the act from the facts as well as from a formal acknowledgment. To require the precise words of a formal acknowledgment where the statute does not require acknowledgment but proof, savors of mere form.

On appeal of Liquid Carbonic Company from a decree of the court of chancery advised by Vice-Chancellor Garrison.

*Mr. John Warren* (*Mr. John Milton* on the brief), for the complainant-respondent.

*Mr. William B. Stites,* for the Liquid Carbonic Company, appellant.

The opinion of the court was delivered by

SWAYZE, J.

The appellant claims under a contract of conditional sale. The validity of its claim is contested because, as is said, the execution of the contract was not acknowledged or proved as required by the statute. *P. L. 1889 p. 421,* as amended by *P. L. 1895 p. 302.* A written order for the goods, subject to appellant's approval, was signed by the vendee, witnessed by the appellant's salesman, accepted a few days later by the appellant. The salesman, as subscribing witness, proved the signature of the vendee, and the accepted order was duly recorded. Three objections are made to the validity of the contract as against

the complainant: *first,* it is said that there was no contract at
the time the vendee signed the order, and the execution of
the contract could not have been proved as the statute requires,
since there was no acknowledgment or signing after the con-
tract had been completed by acceptance; *second,* that the wit-
ness who proved the execution was not a subscribing witness
since his name appears, not in the usual place for the name of
an attesting witness, but underneath the acceptance of the
vendor; *third,* that there is no proof that the vendee acknowl-
edged that her signature was her voluntary act and deed and
without such acknowledgment the subscribing witness could
not know whether the act was voluntary since that depended
upon the state of her mind, and was not a matter of observation
by the witness.

*First.* If the word "contract" is to be taken in its technical
legal sense of a consummated agreement enforceable by the law,
there was, of course, no contract until the appellant had accepted
the order. We think this construction over-nice, impracticable,
and not one to carry out the intent of the legislature. Prior to
the statute, contracts by virtue of which the possession of goods
passed to the vendee while the title remained in the vendor, were
valid, although the possession of the goods tended to give the
vendee a fictitious credit. To protect others, the statute requires
such contracts to be acknowledged or proved and recorded. The
statute does not require in so many words that the contract
of conditional sale shall be in writing, but this must be
implied, since it would be impossible to acknowledge or
prove a mere oral contract, and it would be unusual, if
not impossible, to record such a contract as our statute
directs. A writing seems therefore to be required by impli-
cation, but we ought not to carry the requirement of a writing
further than the necessary implication of the statute de-
mands. It does not demand a formal written contract executed
by both parties, and we think nothing more is implied than
such a written memorandum as was required by the statute of
frauds where the goods sold were of the price of $30 and is now
required by the Sales act where the value is $500. In a very
large proportion, perhaps most, of the contracts of sale in every-
day business there is no writing at all. When there is a writing,

it is often, perhaps usually, no more than the written memorandum signed by the party to be charged, and not by both parties. Even in large transactions, where "bought and sold notes" are used, neither note is signed by or on behalf of both parties. We have no doubt that in ordinary commercial parlance such memoranda would be spoken of as contracts. The legislature naturally used the word in the ordinary popular sense, and did not have in mind the nice legal analysis of the elements of a binding contract. Our construction is in accord with the dictionary definition. Webster's New International defines contract as "a writing made by the parties to evidence the terms and conditions of a contract." We see no reason why such written evidence may not be made before the actual conclusion of the bargain, and contain the terms to which both must accede before the bargain is consummated. Our construction is also in accord with reason. If the contract must be actually complete and legally enforceable before it can be acknowledged by one party, it must be complete also before it can be acknowledged by the other, and in so nice a legal analysis, it can make no difference whether the time that intervenes between the acknowledgment and the final assent of the minds of both parties is one year or one minute. If there can be no acknowledgment until after the minds of the parties have met, they must either execute when they are met together or an officer must go with a completed contract to one party or the other to secure the acknowledgment. We think it cannot have been the legislative intent to trammel the execution of ordinary mercantile contracts by formalities suitable rather to the most formal acts of conveyance. Indeed, the reasoning on behalf of the complainant would make the acknowledgment of an ordinary deed of land difficult. A deed, if we are to take the strict legal definition, is a writing sealed and delivered. It becomes a deed only by delivery. Under our registry laws no grantee would be safe in accepting a deed until it was acknowledged or proved, and yet to be acknowledged or proved it must already have been delivered, if the complainant's line of reasoning is correct. We venture to say that so nice and technical a construction would invalidate a large proportion of our conveyances. If we may trust our own

knowledge of the usual practice, a deed is acknowledged as such before its delivery, oftentimes long in advance of delivery and in the absence of the grantee, who in many cases never in fact meets the grantor. The statute as to contracts for conditional sales requires the execution of the contract, to be acknowledged or proved in the manner prescribed for the acknowledgment and proof of deeds. The legislature must be presumed to have had in mind the practice as to deeds, and can hardly have meant to be more technical as to the acknowledgment or proof of contracts.

If we look further at the statute, the difficulty in the complainant's nicety of construction becomes still more apparent. The act applies only to cases where the contract for conditional sale is *accompanied* by an actual delivery. The distinction between the actual delivery, which must *accompany* the contract, and the actual and continued change of possession which must *follow,* is marked. If we are to be nice, precise and technical in our construction, we must say that the delivery and the contract must go together and be in effect simultaneous, *i. e.,* the sale must be executed, not an executory contract. If so, the statute is inapplicable to the present case. We think it applicable, because the facts of the case bring it within the reason and spirit of the act, just as we think the proof of execution complied therewith. It is a satisfaction to know that our result accords with that of the supreme court of errors of Connecticut. *National Cash Register Co.* v. *Lesko, 58 Atl. Rep. 967.* It would be a vain parade of learning to cite other authorities which bear more or less remotely on the question.

*Second.* The question whether the proof was or was not by a subscribing witness is purely a question of fact. He testified that he put his signature on the paper at the time the contract was made, on the 8th of September (the date of the order), and not on the 19th (the date of acceptance), that the name of the vendor was not on the paper at the time, that he only witnessed the signature of the vendee, that the line from the word "witness" down toward his name was put there at the same time as his signature. His affidavit is in substantial compliance with the statute. His testimony is not contradicted. We are

not at liberty to reject it as false because we may guess that his signature if put there at the time would have been in a different position on the paper.

*Third.* Whether the vendee signed and delivered the contract as her voluntary act and deed is also a question of fact. We see no reason why the subscribing witness may not infer the voluntary character of the act from the facts as well as from a formal acknowledgment. To require the precise words of a formal acknowledgment where the statute does not require acknowledgment but proof, savors of archaic law where form was everything. With our more modern notions, the substance of the thing is of more importance, and in this, as in other cases, actions speak louder than words. Section 22 of the Conveyances act does not require an acknowledgment where the proof is by the subscribing witness; in this respect, the language differs from the language used earlier in the section in dealing with acknowledgments.

The result is that the decree appealed from is reversed and the record remitted for further proceedings in accordance with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER—11.