### THE BRIDGEPORT FIXTURE COMPANY *v.* GEORGE R. BURNS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 6—decided July 1, 1942.

*Joseph B. Morse,* with whom, on the brief, was *Nelson Harris,* for the appellant (defendant).

*Howard R. Matzkin,* with whom, on the brief, was *Yale Matzkin,* for the appellee (plaintiff).

ELLS, J. The plaintiff sold store fixtures to Patsy Oropallo under conditional bills of sale providing, among other things, that, in the event of default in any of the agreed payments or in the performance of any of the agreements contained in the contracts of

sale, all the remaining payments would immediately become due and payable at the option of the vendor; and that if the buyer failed to make the agreed payments or perform any of his agreements, "or said fixtures and personal property shall be attached in the name of the Buyer, or shall be removed out of the Buyer's possession in any way . . . the seller . . . may at . . . [its] election, without notice, take possession of said fixtures. . . ." Oropallo was using the fixtures in his market in Waterbury and was not in default of any of his obligations under the conditional bills of sale. The defendant, a deputy sheriff, attached the property in an action brought by a creditor of the vendee. The plaintiff demanded the fixtures, the demand was refused and the present action of replevin was instituted. Judgment was rendered for the plaintiff and the defendant appealed.

The agreements contained in the conditional bills of sale must be considered in connection with two applicable statutes which were in effect at the time the contracts were executed. General Statutes, § 5721, permits a creditor of the conditional vendee to attach the property in the latter's possession, "subject to the rights of the vendor to its possession or ownership," and provides that "The party attaching . . . shall have the same rights which the vendee would otherwise have had to tender to the vendor performance of the conditions of sale. . . ." Section 5722 gives the attaching creditor the right to compel the vendor to disclose on oath the true state of the account.

The initial question is whether in an action of replevin a conditional vendor can prevail against an attaching creditor of the conditional vendee where, under the terms of the conditional bill of sale, provision is made that if the property is attached in the name of the vendee or removed from the vendee's

possession in any way the vendor may retake the goods from the attaching officer, the latter not having tendered the unpaid balance of the purchase price.

The attaching creditor acquired only the rights which otherwise the buyer would have had. *Pearne* v. *Coyne,* 79 Conn. 570, 576, 65 Atl. 973; *Collins* v. *Lewis,* 111 Conn. 299, 302, 149 Atl. 668. It was the duty of the defendant under the statute to perform the conditions of the sale, and he made no attempt to do so. "It is only those desiring to avail themselves of the privilege of performing the conditions of such sales who are permitted by the statute to attach such property." *Pearne* v. *Coyne,* supra, 576. By the terms of the conditional bills of sale the attachment by the defendant in the name of the buyer was a breach of one of the conditions of the contract, and the vendor was entitled to take immediate possession. However, the plaintiff concedes in its brief that, "Before the retaking of possession by the vender, the vendee could tender the entire unpaid balance and thus retain the property without a forfeiture of any of his rights. By virtue of the statute hereinbefore mentioned, the attaching creditor had the same right to tender performance as the vendee had, and said attaching creditor obtained no better rights." The plaintiff does not make the broader claim that the vendor had two distinct rights: on default in any of the conditions it could make the entire sum due and if not paid could retake the goods, or it could retake the goods at once if they were attached, without obligation to give them up upon a tender of the entire balance due. We decide the case upon the basis of the narrower claim, and do not consider the broader question.

The defendant did not tender the unpaid balance. He claims that the attachment did not bring about a default, and that he is entitled to hold the property

provided he does what the vendee was obligated to do in the absence of default, that is, to pay the installments as they become due and perform the other conditions of the sale; that otherwise the right to attach would be an empty one, since he would be unable to hold the property he had attached. The fallacy is that, although the statute gave him the right to attach, it was a carefully conditioned right. What he got by his attachment was the same right the vendee had, which was, upon default of a condition of the sale, to tender the entire unpaid balance. There is nothing in the statute warranting a contrary conclusion. It allowed him to attach whatever interest the vendee had in the property. The attaching creditor can only claim the rights of the conditional vendee and is limited by whatever conditions the vendor and vendee may agree upon. "The contract may contain limitations of the right of the vendee to deal with the property which may limit the operation of such agreements as regards a third person charged with notice of the terms of the sale by its record." *Tire Shop* v. *Peat*, 115 Conn. 187, 191, 161 Atl. 96.

Certain minor claims of the defendant require brief consideration. He claims that although the contracts of sale appear upon their face to have been executed in accordance with the statutory requirements, and this appearance is supported by the findings and conclusions of the trial court, such findings and conclusions are not reasonable, in view of the evidence. The first claim is to the effect that certain of the acknowledgments were fictitious, in that they purport to be those of Oropallo, made in Waterbury, but that the notary was an employee of the seller in Bridgeport. We are asked to draw the inference that the acknowledgments were made in Bridgeport, and that Oropallo did not in fact appear. The court, having heard the

testimony, found to the contrary. There is nothing in the evidence which permits us to decide that the documents were not properly acknowledged.

The next claim is that the contracts do not on their face provide means for ascertaining the true dates of the commencement of payment and do not describe all conditions of the sale. It is quite clear that they do. The final claim is that some of the contracts were not signed by the seller. The statute requires that, to be valid against the claims of the buyer's creditors, a conditional sales agreement shall be in writing, shall describe the property and all conditions of the sale, "shall be acknowledged before some competent authority" and shall be filed for record in the town clerk's office. General Statutes, § 4697. Ordinarily it is sufficient if one of the parties alone acknowledges the instrument. *National Cash Register Co.* v. *Lesko,* 77 Conn. 276, 278, 58 Atl. 967; *Commercial Credit Corporation* v. *Carlson,* 114 Conn. 514, 516, 159 Atl. 352; *Seaboard Commercial Corporation* v. *Leventhal,* 120 Conn. 52, 54, 178 Atl. 922. In the case of *C.I.T. Corporation* v. *Hungerford,* 123 Conn. 438, 196 Atl. 151, relied upon by the defendant, the agreement was in two parts; one was signed and properly acknowledged by the buyer; but the other was signed only by the seller and was defectively acknowledged by it; and we held that this was not sufficient. The gist of our decision in that case was that where a conditional sales agreement is in two distinct parts each must be properly acknowledged by one of the parties. In the case before us there was no such division of the contracts into separate parts; all were properly acknowledged by the buyer; and that was a sufficient compliance with the statute.

There is no error.

In this opinion the other judges concurred.