HENRY PARTRIDGE *versus* WILLIAM SWAZEY & *al.*

Parol evidence of an erroneous date, in a mortgage of personal property, not under seal, is admissible.

Where a mortgage and the note secured thereby are made and delivered at the same time, the mortgage is valid, though by mistake dated a year prior to the date of the note.

By the record of such a mortgage, third parties, proposing to purchase the property therein described, are at least constructively notified of the lien.

When a mortgagee has the right of immediate possession of personal property, no demand is necessary in order to sustain an action of replevin by the mortgagee against the subsequent vendee of the mortgager.

ON EXCEPTIONS.

THIS was an action of REPLEVIN for a horse. All the facts essential to an understanding of the questions in issue are stated in the opinion of the Court.

*J. A. Peters,* for plaintiff.

It has been conclusively settled that no demand is necessary in a case like this. *Stanley* v. *Gaylord,* 1 Cush., 536; *Riley* v. *Boston W. P. Co.,* 11 Cush., 11; *Galvin* v. *Bacon,* 2 Fairfield, 28.

The mortgage was admissible in evidence, although the note was misdescribed in its conditional clause, and a mistake in date. *Williams* v. *Hilton,* 35 Maine, 547; *Bourne* v. *Littlefield,* 29 Maine, 302.

*T. C. Woodman,* for defendant, cited *Stedman* v. *Perkins,* 42 Maine, 130; *Abbott* v. *Goodwin,* 20 Maine, 408; 1 Parsons on Contracts, 44; *Culver* v. *Ashley,* 19 Pick., 300; *Smith* v. *Hodson,* 4 Term R. 211; Paley on Agency, 145–6.

The opinion of the Court was drawn up by

TENNEY, C. J.— The plaintiff asserts title to the property in question under a mortgage, purporting upon its face to be dated April 17, 1856, to secure a note of $150, of the same date, payable Nov. 15, next after the date.

It was not pretended by either party that the plaintiff held a note corresponding with that referred to in the mortgage; but the plaintiff asserted that the mortgage bore an erroneous date; that it was actually given on April 17, 1857, the date of the note, which was produced; and he offered to prove the mistake by parol evidence. This was allowed by the Judge, against the objection of the defendants.

Proof of an erroneous date of an instrument has been allowed in decided cases in this State. *Trafton* v. *Rogers,* 13 Maine, 315; *Bourne* v. *Littlefield,* 29 Maine, 302; *Sweetser* v. *Lowell,* 33 Maine, 446. *Williams* v. *Hilton,* 35 Maine, 547, was not in relation to a date, but another error was allowed to be corrected by proof. The mortgage was not under seal, and, we think, the evidence was admissible, and the instruction to the jury, that, if they believed from the evidence, that the mortgage was made and delivered at the same time with

the note, and dated by mistake a year previous, the mortgage would be valid, was correct.

The jury were further instructed, that if the mortgage was duly recorded, the record would be a sufficient notice to the defendants of the plaintiff's title, after it was recorded.

The mortgage produced at the trial was properly recorded on April 18, 1857, according to the certificate of the town clerk thereon, the counsel for the defendants raising no objection thereto.

But unless the mortgage as recorded was a legal notice to the defendants, of the plaintiff's claim, the instruction on this point was erroneous. By the record alone, the defendants were not advertised of an error in the date of one year, and are not affected by the finding of the jury, to the extent that the mortgager would be, if he were the party defending. And this finding, in this case, is important only as it shows that the mortgage, and the note produced, are parts of one transaction.

It does not appear that any question was made touching the identity of the mare. It seems not to have been controverted that the mare replevied was really the one mortgaged. The mortgage, as it appeared upon the record, was of a gray mare, seven years old, and a colt, one year old, the same mare and colt that the mortgager bought of the mortgagee, and was made to secure a note of $150, of the same date of the mortgage, and payable the 15th day of the November next following. When, therefore, the defendants were about to make a purchase of the mare, severally, they were constructively, at least, notified that she was under a mortgage to the plaintiff for the security of the note described. And it does not seem to be material whether the note and the mortgage were both dated April 17, 1856, or April 17, 1857. There being no suggestion that any note for the like amount, given by the mortgager to the plaintiff, had at that time been paid or partially paid, no man of ordinary prudence would have omitted to have made inquiry whether the note was

outstanding or not; and whether the grey mare described in the mortgage was identical with the one which he contemplated obtaining. On inquiry at the proper sources of information, he would find the facts probably as the jury have found them, including the one that when the mortgage was actually made and delivered to the plaintiff, the possession of the mare was in him, as it is stated in the mortgage.

This case is distinguished from that of *Stedman* v. *Perkins*, 42 Maine, 130. That was a mortgage of "all and singular the shipbuilding materials *now* in my shipyard in Calais, consisting of timber of various descriptions, and iron and tools of various kinds," without any other description, made on Nov. 29, 1854, and recorded as having been made on March 29, 1854, and it does not appear from the case, that the materials on Nov. 29, 1854, were in any respect the same as those which were eight months before.

The instructions, that it was competent for the plaintiff to authorize McKinney to dispose of the horse, or, if he disposed of him without authority, to ratify the trade afterwards, were certainly not unfavorable to the defendants, and were of themselves correct.

The remarks of the Judge, that, if the plaintiff received the payment of $45, with the knowledge of the facts of the exchange, and received it as the money paid by Atwood to McKinney, it would tend to prove a ratification of the bargain, contained no rule of law, and does not imply, as a rule of law, that, if the $45, paid by McKinney to the plaintiff, was not the money received from Atwood, the facts referred to by the Judge would have no tendency to prove a ratification of the bargain.

The instruction, that, if the trade of McKinney was ratified by the plaintiff, he would be precluded from setting up his mortgage; otherwise he would not be precluded, unless McKinney had been authorized to make the trade by the plaintiff, or the mortgage had been discharged by payment or otherwise, was so obviously correct, that discussion is useless.

It does not appear from the case that the Judge ruled, or

was requested to do so, whether a demand by the plaintiff of the property in controversy, before the action was commenced, was necessary to the maintenance of the action or not; and that question is not raised in the exceptions.

But if the horse in question was the property mortgaged on April 17, 1857, in the mortgage which makes a part of the case, for the security of the note introduced, the plaintiff had the right of immediate possession and no demand was necessary in order to sustain the action.

*Exceptions overruled.*

APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.