### STONEBREAKER *v.* KERR ET AL.

CHATTEL MORTGAGE.—*Date of Execution.—Recording.*—A complaint to foreclose a chattel mortgage alleged that, by mistake of the scrivener, an error of two years was made in the date and acknowledgment of the instrument, by which, although the mortgage was in fact recorded within ten days after its execution, yet its record appeared to have been made more than two years thereafter; and alleged also that two of the defendants had purchased the property and refused to surrender the same. A demurrer on behalf of the purchasers was sustained to the complaint.

*Held,* that this was erroneous, as the date of the instrument was only *prima facie* evidence of the time of its execution, and the true date could be shown; and the parties purchasing the property, an unsatisfied mortgage thereof being on record, did so at their peril.

APPEAL from the Henry Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellees and one William Switzer, to foreclose a chattel mortgage. The complaint was in two paragraphs. The first alleged that on the 1st of April, 1867, the said Switzer executed to the plaintiff a promissory note for three hundred dollars, payable in eighteen months, which remained due and unpaid; that on the 15th of April, 1867, the said Switzer executed to the plaintiff a chattel mortgage, to secure the payment of said note, on two horses and a wagon; that by mistake of the scrivener, the date of the execution and acknowledgment of said mortgage was made to read therein, "April 15th, 1865," instead of April 15th, 1867, the true date and time of the execution of said mortgage; that on the 25th of April, 1867, the plaintiff caused the mortgage to be recorded in the recorder's office of Wayne county, Indiana, where the mortgagor then, and at the time of the execution thereof, resided; that afterward the defendant Switzer sold and delivered to Kerr the wagon described in the mortgage, and to Cory one of the horses, retaining himself the other horse; that Kerr and Cory have refused, upon demand of the plaintiff, to deliver up to him the property thus purchased by them respectively, they respectively claiming the ownership thereof; that Switzer is insolvent. Prayer for a foreclosure, etc.

The second paragraph is substantially like the first, except that instead of alleging a purchase of any part of the property by Kerr and Cory, it alleges that the one has possession of the wagon and the other of the horse, and that each claims title to the property thus in his possession. Copies of the note and mortgage were duly set out. Kerr and Cory each demurred to the complaint, and their demurrers were sustained, and the plaintiff excepted. Final judgment in favor of Kerr and Cory.

The assignment of errors is upon the ruling of the court upon the demurrers.

The ruling of the court is sought by the appellees to be sustained, upon the ground that, as the mortgage was not recorded until more than two years after its date, it was void.

We have seen, by the averments of the complaint, that the mortgage was really executed on the 15th of April, 1867, but that by mistake of the scrivener, it bore the date of April 15th, 1865.

We have the following statute: "No assignment of goods by way of mortgage shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in cases of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides within ten days after the execution thereof." 1 G. & H. 352, sec. 10.

This statute provides for the recording of chattel mortgages "within ten days after the execution thereof," and not within ten days after the date thereof. The execution of an instrument and the date thereof are quite different things. The date of an instrument is *prima facie* evidence that it was executed at that date, but it is only *prima facie* evidence. It may be shown to have been executed at a time different from the date which it bears. The obvious and plain meaning of the statute is, that the instrument must be recorded within ten days from the time of its execution. For

distinction between such statutes as the above and those requiring instruments to be recorded within a specified time from the date, see *Fairbanks* v. *Metcalf*, 8 Mass. 230.

It is urged by counsel for the appellees that this construction would work a fraud upon subsequent purchasers, who, upon examining the record, and finding the mortgage not recorded within ten days from its date, have purchased the property on the supposition that the mortgage was void for not being recorded within the time limited. It is a sufficient answer to this objection to say that the law, in plain and unambiguous terms, requires the mortgage to be recorded within ten days after its execution, and not within ten days after its date. But something further may be added on this subject.

The recording of the mortgage within the proper time is constructive notice to all the world. All persons are bound by it, whether they have actual notice or not. Persons having no knowledge of the mortgage are in no manner influenced by its date; hence the law, as we construe it, works no hardship upon them. They have not been misled by any mistake in the date of an instrument of which they had no knowledge. But persons who have examined the record and have found a mortgage recorded more than ten days after the date thereof, may be misled by the date into the supposition that it was not recorded within ten days after its execution, inasmuch as the date is *prima facie* the time of execution. They must, however, be supposed to know the law, and to know that the date may not be the true time of the execution of the mortgage. If, when they find a mortgage recorded and unsatisfied, they choose to buy the property, trusting to hold it against the mortgagee on the ground that he failed to put the mortgage on record within the time limited, they are not entitled to any particularly favorable consideration. They had notice, when they bought the property, of the existence of the mortgage, and were willing to deprive the mortgagee of his security by purchasing the property themselves.

Where persons purchase under such circumstances, they have little cause to complain that the true time of the execution of the instrument may be shown, and hence that it was recorded within the time limited.

We are of opinion that, on the facts alleged in the complaint, the plaintiff was entitled to enforce his security against the appellees, and that the demurrers to the complaint should have been overruled.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to proceed in accordance with this opinion.

*J. Brown, R. L. Polk,* and *W. W. Woods,* for appellant.

*M. L. Bundy* and *M. E. Forkner,* for appellees.

