G. M. BALTIS, Respondent, v. JEHU FRIEND et al., Appellants.

Kansas City Court of Appeals, December 2, 1901.

1. **Mechanics' Liens:** PRACTICE: AMENDMENT. A petition to enforce a mechanic's lien may be amended at the trial to conform to the evidence where no prejudice will follow.

2. ———: EVIDENCE: DEMURRER: FRAUDULENT OWNER: NOTICE. Where one holds the title for the fraudulent protection of another, he can not require ten days' notice of the contractor's intention to file his lien, although the contract for the improvement was made with such other.

3. ———: DATE: CLERICAL ERROR. Where the year date in a lien account is a clerical error, it may be corrected.

Baltis v. Friend.

Appeal from Harrison Circuit Court.—*Hon. Paris C. Stepp,* Judge.

AFFIRMED.

*J. M. Sallee* for appellants.

(1) The lienor must stand or fall by the lien which he files, and the dates and items and amounts which he specifies in the lien; and a variance between the lien and the pleading and proof offered in the case will be fatal. Poppert & Son v. Wright, 52 Mo. App. 576; Coe v. Ritter, 86 Mo. 278; Bruns v. Braun, 35 Mo. App. 337. (2) No notice of plaintiff's intention to file a lien having been served on the landowner, Freeman L. Friend, and there being a fatal variance between the pleading and proof offered in evidence, and the items filed in the lien paper, no lien could be established against this property according to law. Poppert & Son v. Wright, 52 Mo. App. 576; Coe v. Ritter, 86 Mo. 278; Bruns v. Braun, 35 Mo. App. 337. The items in the face of the lien, purport to have been performed six months after the lien was filed in the office of the clerk. Coe v. Ritter, 86 Mo. 278; McWilliams v. Allen, 45 Mo. 573; Graves v. Pierce, 53 Mo. 428; Rude v. Mitchell, 97 Mo. 373; Bruns v. Braun, 35 Mo. App. 337.

*D. J. Heaston* and *Wanamaker & Barlow* for respondent.

(1) There was no error in permitting the amendment of the petition at the close of the evidence to conform to the facts proved, as the defendants were not misled or injured thereby, and waived the amendment by failing to file any affidavit for continuance, or otherwise. R. S. 1889, secs. 2096, 2098 and 2128; Harlan v. Moore, 132 Mo. 483; Ins. Co. v.

Smith, 117 Mo. 261; Olmstead v. Smith, 87 Mo. 602; Clements v. Malony, 55 Mo. 352; Carr v. Moss, 87 Mo. 447; Ensworth v. Barton, 67 Mo. 622; Allen v. Frumet, 73 Mo. 688. After judgment, the defect, if any, was cured. R. S. 1889, sec. 2113. (2) The apparent error on the mechanic's lien, in writing the date "1898," instead of "1897," was immaterial, and did not injure or mislead the appellants. R. S. 1889, sec. 2096; Ittner v. Hughes, 133 Mo. 679; Lumber Co. v. Clark, 82 Mo. App. 225; Grace v. Nesbit, 109 Mo. 9; Witte v. Holmes, 62 Mo. App. 372; Midland Co. v. Kreeger, 52 Mo. App. 418; Lumber Co. v. Roeder, 81 Mo. App. 337.

ELLISON, J.—This action is to enforce a mechanic's lien. The judgment in the trial court was for plaintiff for his account and for an enforcement of the lien.

Defendants' first objection to the action of the trial court is that plaintiff was permitted to amend his petition after the close of the evidence. This amendment was made so that the petition would conform to the proof; it is allowable by statute (Section 2098, Revised Statutes 1899), and did not create a variance between the petition and proof. The defendant was evidently not misled or harmed. The objection was not well taken.

It is next contended that the court should have given a demurrer to the evidence on the account as to one of the defendants, and on the lien as to both. We have not been furnished with a statement or argument by defendants, but as near as we can gather the point is that defendant, Jehu Friend made the contract and account with plaintiff and that Freeman Friend, his father, is the owner of the property and had no notice served on him of the intention to file the lien as is required by statute in cases where the contractor and owner are not the same. In this case it was alleged in the petition and the same theory submitted in plaintiff's instruction, that

defendant Jehu was the real owner of the property and that the deed was put in defendant Freeman's name for the purpose of defrauding, hindering and delaying Jehu's creditors. That defendant Jehu was the owner and had a contract for a deed to the property from the prior owners when the contract was made but that the deed was made to his father for the fraudulent purpose aforesaid. We hold that such pretended and fraudulent owner, though the record title is in him, is not entitled to the ten days' notice required to be given to owners when the contract has been made by others. Sec. 4221, R. S. 1899.

Another objection made is based on the fact that in making out the lien, a year date of 1898 is inserted instead of 1897. It was manifest that 1898 was not intended, and the court properly held it to be a clerical error.

We are not able to agree with defendants as to the other objections made. The instructions for plaintiff were manifestly correct. The judgment was clearly for the right party and is affirmed. All concur.