LIQUID CARBONIC COMPANY *vs.* GEORGE W. BLACK
ET AL.

Third Judicial District, New Haven, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

Section 4746 of the General Statutes provides that all defectively executed or unrecorded conditional bills of sale shall be held to be absolute sales except as between the vendor and the vendee "or their personal representatives." *Held:*
1. That the effect of the statute was to render contracts of conditional sale, defectively executed, absolute sales as to creditors and bona fide purchasers.
2. That although the term "personal representatives" was not, as used in this statute, restricted to its narrow technical common-law meaning of executors or administrators, it could not reasonably be construed to include the vendee of the vendee in the conditional sale, or such vendee with full knowledge that his seller's title rested upon a conditional bill of sale which, though recorded, was not acknowledged.

A purchaser with such knowledge, however, cannot invoke the aid of the statute in an action of replevin brought to recover possession of the property by the conditional vendor, since its purpose and effect is limited to the protection of creditors and bona fide purchasers; his actual knowledge is equivalent to the constructive notice with which he would have been charged if the instrument had been properly executed, and to permit him to question the validity of the conditional sale and to retain property which, in good conscience, belongs to the conditional vendor, would be inequitable especially where, as in the present case, a portion of the purchase price, having been reserved by the conditional vendee to pay the balance due the conditional vendor, was not devoted to that purpose but was paid back to the purchaser after the commencement of the action.

Argued January 22d—decided April 3d, 1925.

ACTION of replevin to recover possession of certain soda fountain fixtures, and for damages, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Ives, Acting Judge;* judgment rendered for the plaintiff, from which the defendant Arthur W. Wilson appealed. *No error.*

*Frank Rich,* for the appellant (defendant Arthur W. Wilson).

*Daniel E. Ryan,* for the appellee (plaintiff).

WHEELER, C. J.   The plaintiff, the Liquid Carbonic Company, and defendant Black, on January 15th, 1922, entered into a written agreement of conditional sale of the goods described in the complaint, by which the goods were delivered to Black and the title to them was to remain in the Liquid Carbonic Company until paid for according to stated terms, and subject to its right on default to repossess itself of the goods.   The agreement was duly recorded and executed except that it was not acknowledged.   On October 15th, 1922, plaintiff demanded of defendants the return of these goods and they refused to deliver the same, and on the following day, when this action was begun, there was due the plaintiff on the purchase price of the goods, $827.75. Black used these goods in his business from January, 1922, to September 29th, 1923, when he sold the same to defendant Wilson, who then had actual notice of the conditional bill of sale from plaintiff to Black and that there remained unpaid a part of the purchase price. At the time of the sale Black reserved $750 out of the price he received from Wilson for the purpose of satisfying the claim of the plaintiff, but said sum was not paid it, and after this action was begun the $750 was returned to Wilson by Black.   The court rendered judgment for the plaintiff.

The defendants attack the judgment upon this appeal upon the three conclusions reached by the trial court, viz.:

1.   In view of the circumstances of the sale and the fact that the defendant Wilson had actual knowledge of the plaintiff's conditional bill of sale, he is to be

regarded as a personal representative of the defendant Black within the meaning of the statute.

2. A vendee with notice is not to be regarded as a bona fide purchaser, but as an ordinary creditor, and is entitled only to what the creditor was entitled to, and in this respect is his personal representative.

3. The statute on conditional bills of sale was designed to protect bona fide purchasers and creditors, and a purchaser with notice should not be suffered to take advantage of a technical noncompliance with the statute and profit thereby, this not being the purpose or intent of the statute.

These conclusions must be tested by the construction placed upon General Statutes, § 4746: "All conditional sales of personal property not made in conformity with the provisions of section 4744 shall be held to be absolute sales, except as between the vendor and vendee or their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee, in the same manner as any other property not exempted by law."

Since the contract of conditional sale by the plaintiff to Black was not made in conformity with the statute because it had not been acknowledged (General Statutes, § 4744) it was wholly ineffective except as between the vendor and vendee or their personal representatives. The first conclusion of the trial court is that Black's vendee, Wilson, was the personal representative of Black.

We held in the case of *In re Wilcox & Howe Co.*, 70 Conn. 220, 39 Atl. 163, that this term may reasonably be held to include in addition to executors and administrators, trustees in insolvency, an assignee in bankruptcy and a receiver. The last three classes we pointed out "stand in the shoes of the debtor and represent him; . . . but they also, for some purposes,

stand in the shoes of creditors and represent them."
We recognize the impossibility of giving this term its
strict technical common law meaning, executor or ad-
ministrator, and we have not heretofore done this. The
trustee in insolvency, the assignee in bankruptcy and
the receiver are each the personal representative of the
vendor and vendee, but to hold that the term includes
also the vendee of the vendee in the conditional sale, or
such a vendee with notice, strains the statutory mean-
ing to a point where reasonable construction cannot go.
In the ordinary uses of language no one would think
that such a vendee was a personal representative of his
vendor. To reach this conclusion we must give to the
language of the statute a meaning its framers never
intended. In certain statutes this term may mean
heirs, next of kin, or descendants, and sometimes
grantees, but no conditional sales statute has been
called to our attention where the term is used in the
sense of the vendee of the vendee in a conditional sale,
or such a vendee with notice. There is sound reason
for denying to the parties to a conditional sale the
right to attack such sale because of a statutory infor-
mality in the execution, and to deny to those who stand
in their shoes this right, but the same reason cannot
be urged against the vendee of the vendee in the con-
ditional sale. The first and second conclusions of the
trial court are not sound.

The third conclusion of the trial court, that a pur-
chaser from the vendee under a conditional sale with
notice of such sale, ought not to be permitted to take
advantage of a defect in the execution of the written
contract of conditional sale, is a sound conclusion of
law. Before the passage of our statute requiring con-
ditional sales to be executed and recorded in con-
formity with its terms, contracts of conditional sale
under our common law were not required to be re-

corded, and between vendor and vendee such a contract was good. The possession and apparent ownership of the vendee under such a sale led creditors and purchasers to believe it to be an actual ownership, and this statute was enacted to "protect creditors and purchasers from the evils which had before resulted from the existence of lawful and valid conditional sales, but of which the public had no notice." *Cohen* v. *Schneider,* 70 Conn. 505, 510, 40 Atl. 455; *National Cash Register Co.* v. *Lesko,* 77 Conn. 276, 280, 58 Atl. 967; *In re Wilcox & Howe Co.,* 70 Conn. 220, 230, 39 Atl. 163. The public registration of the contract gave whoever cared to avail himself of it knowledge of the true owner of the goods in the possession of the conditional vendee; the registration was therefore constructive notice to all the world of the fact and the contents of this contract of sale, and hence to all subsequent purchasers of the articles held under such contract. The statute made the registration constructive notice to all purchasers just as in many instances the law conclusively presumes certain facts to operate as constructive notice to parties in interest. Any notice, whether actual or constructive, to subsequent purchasers will necessarily have the same legal effect as the constructive notice of the statutory registration. Unless this statute be read in this way, it will operate as a fraud upon innocent purchasers and permit the enrichment of one with the property of another which in good conscience and equity belongs to the other. A somewhat similar situation arose in *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.,* 95 Conn. 172, 111 Atl. 149. The Puritan Company gave its mortgage to the plaintiff and thereafter the Puritan Company sold the property covered by this mortgage to the Pratt Company under a contract of conditional sale with full notice to the latter of the existence of this mortgage,

and an agreement upon its part to assume it and pay it as part consideration for the sale to it by the Puritan Company. Of this situation we said: "Under this contract the Pratt Company became a purchaser of the property, conditional of course, not only with full notice of the plaintiff's interest therein and therefore not as a bona fide purchaser, but as a purchaser undertaking by this express contract to assume and pay the Trust Company's claim as part of the purchase price of the property involved in the transaction. By undertaking this obligation the Pratt Company not only undertook to pay the plaintiff, but by so doing to pay and discharge the obligation of the Puritan Company evidenced by the mortgage, and therefore made the contract immediately and directly for the benefit and advantage of the Puritan Company as a method of discharging the secured debt of the Puritan Company to the plaintiff. After this undertaking and delivery of this property under this contract, the Pratt Company cannot be heard to say that it is not bound by the terms of this agreement. The Pratt Company is not a purchaser in good faith." See also *Dyer* v. *Thorstad,* 35 Minn. 534, 29 N. W. 345; *LeNeve* v. *LeNeve,* 3 Atk. 646; 2 Pomeroy's Equity Jurisprudence (3d Ed.) p. 1151; *Farnsworth* v. *Childs,* 4 Mass. 637, 639.

The effect of our conditional sale statute was to render contracts of conditional sale defectively executed absolute sales as to creditors and bona fide purchasers. Wilson was not a bona fide purchaser. He had knowledge of the contents of the contract of conditional sale made by plaintiff to Black. At the time of the sale from Black to him, $750 was reserved by Black out of the purchase price for the purpose of satisfying Black's debt to plaintiff; this sum was not paid plaintiff and after this action was begun Black

returned it to defendant, so that defendant now has in his hands the $750, which under the terms of Black's sale to him was to have been paid to plaintiff to satisfy Black's debt to it.  Wilson having obtained this property with such knowledge and under such an agreement, cannot be permitted to attack the legality of the contract of conditional sale between plaintiff and Black; the equitable principle of estoppel forbids him to question the validity of this contract for that would give to him an unconscionable advantage.  There is, as the plaintiff insists, no parallel between the creditor who has extended credit to a conditional vendee under a defective contract of conditional sale and without notice, and the vendee from the vendee under the defective contract having legal knowledge of this defective contract.  The limitation we place upon the language of this remedial statute is necessary in order to prevent "injustice, oppression or an absurd consequence" and to carry out its true purpose.

There is no error.

In this opinion the other judges concurred.