STANDARD ACCEPTANCE CORPORATION *v.*
DANIEL CONNOR.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 4—decided July 25, 1940.

*Walter J. Lynch,* for the appellant (plaintiff).

*Andrew D. Dawson,* for the appellee (defendant).

ELLS, J. Angelina Calca was in possession of an automobile which she had purchased on December 2, 1938, by a duly executed and recorded contract of conditional sale, from a dealer who had assigned his rights thereunder to the plaintiff. The car was attached as her property in May, 1939, by the defendant, a deputy sheriff, in a suit against John B. and Angelina

Calca. Upon the defendant's refusal of the plaintiff's demand for the car, the present action was brought.

The contract, made December 2, 1938, provides that "title to said property shall not pass to purchaser until all sums due hereunder are fully paid in cash." The total "time" price is stated to be $642, payable $185 in cash and by seventeen monthly installments of $25 and one of $32, "commencing Jan. 10, 1938." The court found that the real agreement of the parties to the contract was that the monthly payments were to begin January 10, 1939, that the date stated in the written contract was obviously a clerical error, and that it was a clerical error made by the typist in preparing the papers, but that the true date was not apparent. It concluded that the document did not contain the terms or conditions of the sale or the manner in which the purchase price was to be paid, in that it did not correctly state the partial payment dates and did not state the end of the partial payment dates, and therefore did not comply with the provisions of § 4697 of the General Statutes; and that the sale was absolute as to this defendant under § 4699. The principal issue on this appeal is as to the correctness of these conclusions. There is no finding that the defendant had notice or knowledge other than that contained in the recorded document.

Section 4697 provides, in so far as its requirements affect this case, that "all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides." Section 4699 provides that "all conditional sales of personal property not made in conformity

with the provisions of section 4697 . . . shall be held to be absolute sales except as between the vendor and vendee and their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution." The composite effect of these statutes is to make contracts of conditional sale which do not meet the requirements laid down by § 4697 absolute sales as to creditors and bona fide purchasers. *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390, 395, 128 Atl. 514. We must first decide whether the recorded contract in question describes "all conditions of such sale," and if it does not, whether the sale is absolute as regards this defendant. We have referred to the requirements specified by the statute as being "indispensable," *National Cash Register Co.* v. *Lesko,* 77 Conn. 276, 280, 58 Atl. 967, and of the statute as being "mandatory in its terms." *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 437, 28 Atl. 540. We have also repeatedly stated the purpose of the statute as being to protect those who, from the fact of possession and apparent ownership by the vendee, may be led to believe him to be the actual owner of property held by him under such contract, and that the recording of the instrument is constructive notice to all the world of its contents, and therefore of the facts as to the true ownership of the property in the possession of the conditional vendee. *National Cash Register Co.* v. *Lesko,* supra; *Liquid Carbonic Co.* v. *Black,* supra; *Commercial Credit Corp.* v. *Carlson,* 114 Conn. 514, 516, 159 Atl. 352. We have also indicated that its purpose is to require sufficient notice that the conditional sale had been made, and of all the facts which the statute requires to be stated in an instrument of

conditional sale, and to appear of record. *National Cash Register Co.* v. *Lesko,* supra.

With this background in mind we consider the particular requirement now under examination, that the contract shall describe "all conditions of such sale." The gist of the provision is that contracts conditioned that the title shall remain in the vendor after delivery must state the terms of the sale, and not merely that it is a conditional sale. The term of the conditional sale, performance or nonperformance of which determines whether title shall be in the vendee or the vendor, is a condition in the commonly accepted meaning of the word, and this would include the provisions for payment at a certain date, failure to make which would end the estate of the vendee. This the plaintiff does not deny, but claims that the true facts appear, despite the error. Its principal contention is well stated in question form in its brief, "Shall we say that an error which is so obvious and notorious as to indicate what is really intended makes insufficient the terms of the sale?" Certainly not. We would indeed be reluctant to stand on such narrow ground. But the question does not fit the facts. This contract contains an obvious error, for it provides that the payments shall begin several months before the agreement was made, but nowhere does it indicate what the true dates are. The error is obvious, but the true date is not. There is a single erroneous date as to the beginning of the payments, and no statement as to their termination. The number of the payments is given, but lacking a date when they are to begin, or when they are to end, the document does not afford means by which the true facts may be ascertained. What appears on the records was all that this stranger, an attaching creditor of the vendee, would have notice of or be bound by. He would see that the date was er-

roneously stated. But what is there in the record to indicate the true date? Is it January 10, 1939? That would perhaps be the natural date. But the parties may have agreed that the partial payments were not to begin until January 10, 1940, or February 5, 1939; indeed, any date subsequent to the date of the contract. The statute does not obligate him to guess, at his peril.

The fact that it was a mistake due to mere inadvertence is of no moment, except as between the parties to the contract. They were not misled; the sale is still conditional as between them. *In re Wilcox and Howe Co.*, 70 Conn. 220, 230, 39 Atl. 163. As to them the contract could be reformed, if necessary. But as to third parties without notice of the true facts, we cannot give effect to the intention of the parties and regard the true date as 1939.

In *Tokheim Oil Tank & Pump Co., Inc.* v. *Fentress,* 33 Fed. (2d) 730, 732, it was held that "the contract as recorded was also defective, in that it failed to show the time when the deferred payments were due. It has been pointed out that the ten monthly payments of $392 each were to begin thirty days from the date of shipment, but that the date of shipment was missing from the docket prepared by the clerk. Obviously, therefore, no constructive notice was given of this essential element required by the statute to be given to the public." In that case the Virginia statute specifically required that the contract set forth the amount due, and when and how it was payable. But as we have indicated, we think our statute requires an analogous statement, a statement of the essential elements of the terms of the sale.

It is contended that an error in date made at the beginning of a new year is notoriously common, and that under such circumstances the true date is appar-

ent. A common example is found in the dating of checks. After dating them 1939 for a whole year, there are a few days beginning January 1, 1940, when a person, from force of habit, is quite likely to keep on writing 1939. But December 2d is a bit early to begin making that kind of mistake. The two situations are not analogous. In the case under consideration the true date is not reasonably apparent.

We conclude that the document in question does not reasonably describe "all conditions of such sale," in that it does not truly state one of the most important of the terms agreed upon by the parties. The remaining question is whether this defect makes the sale absolute in so far as this defendant is concerned. The plaintiff's contention is that the defendant had to show reliance on the apparent ownership of the car by the attaching creditor or himself in order to take advantage of the defective bill of sale; it relies on what it calls the inherent equity of the matter, and asks, "Should one who has not relied on possession by the vendee be allowed to enrich himself, due to a clerical error, at the expense of one who has complied with the statute in all its technical requirements?" The answer is found in the statute itself, § 4699. It provides that all conditional sales of personal property not made in conformity with the provisions of § 4697 —and we have decided that this sale does not thus conform—shall be held to be absolute sales except between the vendor and vendee and their personal representatives. It then adds these decisive words, "and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution." In order to make effective the claims of the plaintiff we would have to read an additional term into the statute, such

as "provided the creditor has examined the record and relied upon the fact that the instrument was defectively recorded." This of course we are not permitted to do. The legislature did not do it, and we are not permitted to insert such a provision into the clear language of the law.

As to the last clause of the plaintiff's claim, stated above, "at the expense of one who has complied with the statute in all its technical requirements" it need only be said that we have found the requirements were not complied with.

We realize that the conclusion we have reached is somewhat technical. We are not making the law. The legislature did that. We are construing what the plaintiff itself describes as "the technical requirements of the statute."

This conclusion renders unnecessary a determination of the defendant's further claim that an alleged error in the statement of the cash price also vitiates the contract.

There is no error.

In this opinion AVERY, BROWN and JENNINGS, Js., concurred.

MALTBIE, C. J. (dissenting). The statement of the year "1938" in the bill of sale was so obviously an inadvertence, of a kind so common when one year is closing and another is beginning, that it seems to me any person with ordinary intelligence would at once appreciate that January 10, 1939, was intended. The majority opinion, I think, savors more of technicality than it does of common sense. Even a court of law in an action between the parties would, I am sure, overlook the error as an obvious one and construe the date as though written "1939." *Tolman* v. *McLay,* 114

Conn. 98, 100, 157 Atl. 647. We have never interpreted our other statutes requiring the recording of instruments with any such strictness, holding, for example, in the case of mortgages, that the record need give notice of the nature of the incumbrance only with reasonable certainty and in view of the fact that a doubt suggested upon the face of the papers may readily be resolved by inquiry *aliunde*. *Beach* v. *Osborne*, 74 Conn. 405, 408, 50 Atl. 1019. Why so strict a rule as the majority opinion applies should be adopted in the case of the recording of conditional sales of personal property, I cannot see. See *Sturtevant* v. *Wallack*, 141 Mass. 119, 4 N. E. 615; *Partridge* v. *Swazey*, 46 Me. 414; *Stonebreaker* v. *Kerr*, 40 Ind. 186; *Baltis* v. *Friend*, 90 Mo. App. 408, 411.