## B. C. S. CORPORATION
### *vs.*
### LYNN B. ABBOTT ET AL.

Superior Court     Fairfield County     File No. 60637

MEMORANDUM FILED FEBRUARY 4, 1941.

*David R. Lesser,* of Bridgeport, for the Plaintiff.

*Milton Hausman*; *J. Walter Scheffer*; *Willis, Foster & Lister*; of Bridgeport, and *Bernard Greenberg,* of New Haven, for the Defendants.

KING, J. The plaintiff is the assignee of the conditional vendor of a station wagon sold to the defendant Wenstrom and attached by the defendant Abbott, a deputy sheriff, in an action on an indebtedness arising before the sale of the station wagon to Wenstrom. The assignment to the plaintiff, as well as the sale to Wenstrom, took place on March 7, 1940. The attaching creditor attached the car on May 22, 1940, obtained judgment July 5, 1940, execution was issued upon the judgment July 19, 1940, but the plaintiff, in this action, replevied the car on August 2, 1940, thereby preventing the execution sale. The conditional sales contract was for the first time filed on May 27, 1940.

In paragraph 9 the plaintiff alleges that it failed to file the "conditional sales contract through *neglect, oversight* or other cause." This language is broad enough to include a grossly negligent or even an intentional failure to file. At best, it is impossible to construe it as necessarily limited to failure to file due solely to mere negligence.

In paragraph 13, with some inconsistency, it is alleged that the attaching creditor had personal notice and knowledge of the conditional bill of sale and of its provisions, prior to May 22, 1940, and also that it negligently or purposely refrained

from ascertaining the provisions of the conditional bill of sale, of the existence of which it had constructive knowledge. It is important to notice that there is no allegation that the attaching creditor had knowledge or notice, personal, constructive or otherwise, of the existence of the conditional bill of sale nor of its provisions, until long after the indebtedness sued upon had been contracted by Wenstrom. On the contrary, the indebtedness arose prior to March 1, 1940, while the conditional bill of sale did not come into existence until March 7, 1940.

Paragraphs 14 and 15, and in large part paragraph 12, are made up of claims of law regarding our conditional sales act, including some of the same theories recently rejected in *Standard Acceptance Corp. vs. Connor,* 127 Conn. 199. The demurrer admits such facts as are well pleaded but does not admit those allegations which are merely conclusions of law. *Woodruff vs. New York & New England R.R. Co.,* 59 Conn. 63, 89.

Under section 4697 of the General Statutes, Revision of 1930, a conditional bill of sale must be "filed within a reasonable time in the town clerk's office in the town where the vendee resides." Section 4699 of the General Statutes, Revision of 1930, provides that "all conditional sales . . . . not made in conformity with the provisions of section 4697 . . . . shall be held to be absolute sales . . . . and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution." The defendants claim that as matter of law the filing was not within a reasonable time. While ordinarily, in any given case, what would be a reasonable time within which to file a conditional bill of sale is a question of fact, and, so, could not be determined upon demurrer, yet in this case it appears from the conditional bill of sale itself that the seller's place of business was Bridgeport, that of the plaintiff-assignee was New York City, and that the buyer's residence was in Fairfield. Under these circumstances a delay of nearly three months in filing is unreasonable as matter of law. *Lloyd & Elliott, Inc. vs. Parke,* 114 Conn. 12, 14; *Camp vs. Thatcher Co.,* 75 id. 165, 169; *Bay City Shovels, Inc. vs. Roach,* 2 Conn. Sup. 19, 21. Furthermore, the plaintiff makes no claim in its brief that the bill of sale was filed within a reasonable time.

The plaintiff claims that the provisions of section 4699 should be construed so as not to apply to any one who does not rely in extending credit on the absolute ownership by the conditional vendee of the particular property which is the subject matter of a defective or unfiled conditional bill of sale.

The mere statement of the proposition demonstrates its unfairness, together with its utter inconsistency with the provisions of section 4699 of the General Statutes. However, if authority were needed, it is to be found in *Standard Acceptance Corp. vs. Connor, supra,* 204. While the direct authority of *Standard Acceptance Corp. vs. Connor,* is conclusive against the plaintiff, on its claim that a conditional bill of sale is good in any event against all those not actually misled by its failure to meet the statutory requirements, the plaintiff claims such a rule is unfair and inequitable. This is far from the case. Indeed, our Supreme Court has consistently construed the conditional sales statute in a manner in harmony both with the expressed intention of the General Assembly and with sound considerations of natural justice and equity. Such a construction is almost inevitable since our legislation is outstanding in the protection it affords to all conditional vendors who take the trouble to comply with its simple requirements.

The inequity of the plaintiff's position is especially apparent in a case, such as this, where the subject matter of the purported conditional sale is an automobile. It is common knowledge that a very large percentage of purchasers of automobiles trade in another car at each purchase. Under the plaintiff's theory, however much a creditor relied on the value and ownership of the old car in extending credit, and however carefully he checked the personal property records to make sure of the debtor's title and that any installment payments had been completed, if he extended credit before the debtor changed cars, the debtor's purchase of the new car would leave the creditor helpless, regardless of whether the conditional bill of sale of the new car was filed or not, or whether it was defective or not, since no credit would have been extended in reliance on the ownership of the new car. In such cases, according to the plaintiff's view, filing would be of no moment. Whether the bill of sale of the new car were filed or not, a creditor's rights would be limited to the right to attach the conditional vendee's interest in the new car, under the provisions of section 5721 of the General Statutes, Revision of 1930.

The plaintiff also claims, in analogy to the rule obtaining in the case of real estate under the recording acts as set forth in *Andretta vs. Fox New England Theatres, Inc.,* 113 Conn. 476, 480, that the defendant, having actual knowledge of the bill of sale and all of its terms, prior to the actual attachment, could not stand as a *bona fide* creditor. One answer is that the *Andretta* case involved a *purchaser,* not an attaching creditor. The real answer, however, is that the conditional sales statute (§4699) says nothing about *bona fide* creditors. It particularly specifies two persons, and only two, as to whom such a conditional sale is valid, and those persons are the parties to the sale, including their personal representatives. *Standard Acceptance Corp. vs. Connor, supra,* 204. Notice, whether actual or constructive, of an unacknowledged conditional bill of sale, even when duly filed, has been held immaterial, as to an attaching creditor, although little information helpful to such a creditor is lacking where the conditional bill of sale is duly filed and its sole shortcoming is the lack of an acknowledgment. *C.I.T. Corp. vs. Hungerford,* 123 Conn. 438, 444. In such a situation a creditor consulting the personal property records would acquire actual knowledge of the bill of sale and all of its terms. The missing acknowledgment would deprive him of little, if any, information helpful to him. For all practical purposes, the creditor, in such a case, has, and must be deemed in law to have had, full and complete knowledge of the conditional bill of sale and all of its terms, and yet he is allowed to attach the property as the absolute property of the conditional vendee.

In the opinions construing the statutory provisions involving conditional bills of sale, reference has been made by our Supreme Court to creditors and *bona fide* purchasers, rather than to *bona fide* creditors and *bona fide* purchasers. *See Standard Acceptance Corp. vs. Connor, supra,* 201; *Liquid Carbonic Co. vs. Black,* 102 Conn. 390, 395; *Craig & Co. Ltd. vs. Uncas Paperboard Co.,* 104 id. 559, 569. And this is no mere carelessness, but is the only language appropriate to carry out the obvious and expressed intention of the General Assembly.

While there are statements on page 572 of the opinion in *Jester vs. Naples,* 94 Conn. 567, which, considered apart from the facts of that case, might be distorted into support for the plaintiff's claims, that case is direct authority to the contrary.

Its holding is that the attaching creditor may attach the property under a defective conditional bill of sale although he knew of its existence, and that substantially all of the purchase price was unpaid, when he made the attachment, and quite without regard to his reliance on any apparent absolute ownership in the conditional vendee. *Id.* 568, 571. In that case the original attachment was released. In the meantime the car was turned back to the conditional vendor and resold under a properly executed conditional bill of sale, and it was held that the attaching creditor no longer could attach the property as the absolute property of the conditional vendee. *Id.* 571. The situation resembled that in *American Clay Machinery Co. vs. New England Brick Co.*, 87 Conn. 369, 375. Any other holding would have been contrary to reason as well as to the provisions of our conditional sales statutes.

The plaintiff places great stress on the holding in *Liquid Carbonic Co. vs. Black*, 102 Conn. 390, 394. That case held that one who, with full antecedent knowledge of all facts, *purchased* from a conditional vendee the precise chattel forming the subject matter of the conditional sale, could not take advantage of a defect in the acknowledgment of the conditional bill of sale. This is a far different situation from that of an attaching creditor such as the defendant in this action. If it could be proved that the defendant extended credit *after* the station wagon had been sold to Wenstrom and *after* full knowledge of the unfiled bill of sale and its terms, and *solely* in reliance upon the station wagon as an asset to which to look for payment, then the facts would approach the situation of the purchaser in the *Black* case. But there would still be at least two important differences: (1) the vital clause in the statute regarding the attachment of property sold on an unfiled conditional bill of sale which emphatically, and in the most forceful terms, clothes the property with an *in rem* attribute of being the absolute property of the vendee as far as attachment for his debts is concerned; and (2) the equitable features of the *Black* case summarized on pages 395 and 396 of the opinion.

This case is further weakened because of the failure to file "through neglect, oversight or other cause", which was absent in the *Black* case.

Under the plaintiff's theory of the case, notice to the creditor of a conditional vendee under a bill of sale nowhere on

file, at any moment before the actual attachment is made, would be as effective as a full compliance with the statute. Indeed, the plaintiff, in his trial brief, inferentially, at least, goes further, and claims that such notice, at any time prior to the taking of the property on execution, is sufficient.

The plaintiff's appeal to natural justice and inherent equity in support of this theory of the law is interesting rather than persuasive. Such a view would put all small retail merchants at a great disadvantage as against financially powerful competitors with the capital sufficient to take over the financing of cars attached while under conditional sale, and with the resources necessary to employ a corps of private detectives to carry out the injunctions of paragraph 13 of the amended complaint in ferreting out the terms of unfiled conditional bills of sale. There would also be a claim made in many cases, as is made here, of constructive knowledge in some recondite manner, and the whole burden of looking after the interests of careless or even fraudulent conditional vendors would be thrown on innocent third parties, often unable to endure the attrition of long drawn out litigation involving claims of constructive knowledge.

It seems hardly credible that the language used by the General Assembly in section 4699 that "all such property shall be liable to be taken by attachment and execution for the debts of the vendee" could be so distorted and its obvious intent so completely thwarted as is here attempted by this plaintiff.

The seller of goods, when he extends credit, relies on satisfaction of his debt from the general assets of the debtor, not, in the absence of particular agreement, out of any particular asset. It definitely appears in this case, that the defendant creditor extended credit long prior to the conditional sale. The mere fact that he relied solely on the reputation of Wenstrom for the payment of bills, as alleged in paragraph 3 of the complaint, is not a waiver of all rights to attach any assets which Wenstrom might have in the event that he fell short of expectations in respect to his credit. Such a waiver would have to be contractual or at least the product of actual assent based upon understanding of the probable consequences, which is nowhere alleged. *Halloran vs. Fischer,* 126 Conn. 44, 47. The creditor took the risk of losing his debt by reason of the debtor's improvidently dissipating his assets in a down payment on a chattel which would be subject to a valid condi-

tional bill of sale. He did not take the risk of such a loss as to an unfiled conditional bill of sale. Knowledge of such a bill of sale after the credit had been extended, especially under the circumstances here, is of no consequence, either in equity or under the statute.

Paraphrasing the language of *Hatheway vs. Smith,* 79 Conn. 506, 523, it might be said that the only intention that can be gathered from the conduct of this plaintiff is an intent to sell property on conditional sale in a manner forbidden by sections 4697 and 4699 of the General Statutes, Revision of 1930, or at least in careless indifference to their requirements.

The plaintiff, on September 21, 1940, withdrew paragraph 3 of its claim for relief in its amended answer, leaving a claim for damages of $500.

It is obvious that this is a case to which the language in *Ehrlichman vs. Ackley,* 111 Conn. 666, 667, most aptly applies. "The practice of bringing cases to the Superior Court which manifestly should have been brought to the Court of Common Pleas must cease."

Because of the counterclaim of the defendant Abbott, claiming $1,000 damages, the case is saved from a motion to erase from the docket under the rule of *Atlantic Refining Co. vs. Schoen,* 118 Conn. 26, 28.

A demurrer identical with that of the defendant Abbott was filed by one Hausman as trustee in bankruptcy of Wenstrom. His petition to intervene as a party defendant was granted, but the order did not provide for his substitution as a party defendant for Wenstrom, nor does the amended complaint purport to state any cause of action against Hausman, trustee. *Universal Road Machinery Co. vs. Skinner,* 105 Conn. 584, 587. Therefore his demurrer to the complaint cannot be sustained because no cause of action is attempted to be alleged against him, and he failed to assign any such ground of demurrer. *Cornwall vs. Hartford,* 107 Conn. 351, 352. The defendant Wenstrom did not demur, but answered over, and no issue has been joined on the answer which has never been withdrawn. *Gerber & Co., Inc. vs. First Nat. Bank,* 110 Conn. 583, 590.

For the foregoing reasons the demurrer of the defendant Abbott is sustained on all grounds; and that of the defendant Hausman, trustee, is overruled.