GENERAL MOTORS ACCEPTANCE CORP.
*vs.*
DAVID M. GOLDEN

Court of Common Pleas     Fairfield County     File No. 43316

MEMORANDUM FILED DECEMBER 9, 1942.

*John R. Thim,* of New Haven, for the Plaintiff.

*Boardman, Stoddard & McCarthy*, of Bridgeport, for the Defendant.

Memorandum of decision on demurrer.

CULLINAN, J.  The plaintiff is the assignee of the conditional vendor of a Chevrolet automobile sold on October 31, 1939, to one Dobson.  The defendant, Golden, a deputy sheriff of Fairfield County, has attached this automobile in an action instituted against Dobson.  The instant action, one of replevin, seeks possession of the motor vehicle and claims its wrongful detention by the defendant sheriff.  The attachment by the defendant was made on January 14, 1942.

On October 31; 1939, the said Dobson purchased and took possession of the aforesaid Chevrolet automobile under a conditional sales contract.  This sales contract was assigned to the plaintiff by the conditional vendor on the day following Dobson's purchase, namely, November 1, 1939.

By the terms of the conditional sales contract, Dobson agreed to pay for the motor vehicle a total price of $955.39, payable as follows: $200.15 on or before delivery; the deferred balance of $755.24 to be payable in 16 monthly instalments of $25 each, together with one instalment of $355.24; the first payment to commence December 10, 1939.

Apparently this payment schedule was not followed by Dobson, since, on March 27, 1941, he continued to remain indebted to the plaintiff in the amount of $400.10.  At this point an extension of time for payment was granted him by the plaintiff, and the schedule of payments was likewise adjusted, rearranged and extended.  By the terms of the written extension agreement between the plaintiff and Dobson, the latter obligated himself to pay 14 monthly instalments of $25 each, together with a final monthly instalment in the sum of $50; the first payment to commence April 10, 1941.

Dobson defaulted in the payment of the monthly instalments due on January 10th, February 10th and March 10th, 1942, each being in the amount of $25.  By the terms of the conditional sales contract, the conditional vendor reserved the right to retake possession of the motor vehicle in the event of default in any of the monthly payments.

Under section 4697 of the General Statutes, Revision of 1930, a conditional bill of sale must be "filed within a reason-

able time in the town clerk's office in the town where the vendee resides." Section 4699 of the General Statutes, Revision of 1930, provides that "all conditional sales.... not made in conformity with the provisions of section 4697.... shall be held to be absolute sales.... and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution."

It is conceded by all the parties to the present action that the original conditional sales contract was "filed within a reasonable time in the town clerk's office in the town where the vendee resides."

However, the defendant demurs to the plaintiff's amended complaint, claiming as a first ground of demurrer, that it is not alleged that the aforesaid *extension agreement* was "filed within a reasonable time in the town clerk's office in the town where the vendee resides." It is contended, therefore, that the plaintiff has lost its priority over the defendant sheriff. It should be noted, further, that counsel for the plaintiff, in oral argument, admits that the extension or rearrangement agreement was not seasonably filed in the town clerk's office in the town where the vendee resides.

Briefly, then, the plaintiff and the defendant admit that the original sales contract was properly recorded in accordance with the terms of section 4697 of the General Statutes. It is the contention of the defendant that since an extension agreement, modifying the terms of the original sales contract, was entered into between the plaintiff and the conditional vendee, then, this extension agreement, to acquire validity as against attaching creditors of the conditional vendee, required recordation or filing as provided in section 4697 of the General Statutes.

In support of his position, the defendant appears to rely on *Standard Acceptance Corp. vs. Connor*, 127 Conn. 199, contending that the extension agreement so altered the conditions of the original sale as to result in a noncompliance with section 4697 of the General Statutes, thus resulting in an absolute sale as between the parties to this action.

The crux of the situation appears to rest on a determination of the necessity of recording not only the original condi-

tional sales contract but also any extension agreement which may thereafter be entered into wherein the terms and conditions of the original sale are modified or altered. It should be observed that section 4697 creates no duty to file a so-called extension agreement purporting to modify or alter the original terms of a conditional sales contract.

The case of *Arthur vs. G. W. Parsons Co.*, 224 Fed. 47, seems particularly pertinent. There, the Ohio General Code, bearing a similarity to sections 4697 and 4699 of the Connecticut General Statutes, made conditional sales contracts void as to subsequent purchasers, mortgagees in good faith, and creditors unless the conditions of the sale were evidenced by writing, signed by the purchaser, containing a verified statement by the seller of the amount of the claim. Furthermore, recordation of the contract with the county recorder was required.

The G. W. Parsons Company filed, in the bankruptcy court, an intervening petition, asking that it be allowed to repossess a certain traction trench-excavating machine from a trustee in bankruptcy. The original sales contract met all statutory provisions and was properly recorded. However, two notes executed by the conditional vendee and evidencing the final two payments under the terms of the conditional sales contract, were renewed by a series of notes to mature over an eight month period. There it was contended that by reason of these renewals "the contract of conditional sale was changed by the parties after the filing." Furthermore, it was conceded by all parties that the renewal agreement had not been recorded. Said the court (p. 51): "We cannot believe that it was the intention of the Legislature to accomplish a result so inequitable as the loss of the vendor's lien or title through the mere renewal....of unpaid promissory notes given for purchase price. Had the Legislature intended such result, the natural evidence of such intention would be the requiring of record of a new notice of every change in the amount or form of indebtedness subsequent to the original filing of the contract."

Had the General Assembly of Connecticut desired refiling of conditional sales contracts after alteration, modification, or extension of term, then expression of this legislative intent could well have been stated in unequivocal language.

For the foregoing reasons, the demurrer of the defendant is overruled on the first ground.

As a second ground of demurrer to the plaintiff's complaint, the defendant says: "It is not alleged that the defendant had any actual knowledge that said automobile was the subject of a conditional sales contract and that the vendor or the plaintiff had any right to retake possession thereof."

Paragraphs 3 and 4 of the plaintiff's complaint, which are admitted by the demurrer, allege that the original conditional vendor, by the terms of his contract, reserved the right to retake possession of the motor vehicle in the event that the conditional vendee defaulted in any of his monthly payments; that the contract was assigned to the plaintiff by the conditional vendor; and that the plaintiff has succeeded to all the rights created under the original conditional sales contract. It is conceded that Dobson is in default in the matter of payments.

If the extension agreement between the plaintiff and the conditional vendee did not require recordation, then the plaintiff has not lost its priority over the defendant sheriff, nor has it lost its rights to retake possession of the motor vehicle as a result of the conditional vendee's default.

The demurrer of the defendant is overruled on the second ground.