EDMUND J. REES
*vs.*
HEMISPHERE PUBLISHING CORP.

Superior Court        Hartford County        File No. 67951

MEMORANDUM FILED JANUARY 22, 1943.

*A. C. & A. S. Bill,* of Hartford, for the Plaintiff.

*Louis L. Bucciarelli,* of New Canaan, for the Creditors.

*Halloran, Sage & Phelan,* of Hartford, for Suarez.

Memorandum of decision on motion to disallow claim in receivership as secured creditor.

MURPHY, J. Tino Suarez has filed a claim with the receiver in this matter claiming that he is a secured creditor in the amount of $2,500 by reason of a chattel mortgage on certain machinery and equipment of the corporation.

The receiver admits the indebtedness but has moved that the claim be disallowed as secured, because (1) the alleged chattel mortgage is, in reality, a conditional bill of sale or chattel lease; (2) the alleged chattel mortgage was not recorded within a reasonable time.

The corporation was organized in June, 1941, with its place of business in East Hartford. Suarez was one of the several subscribers to the stock who transferred property, including that which is the subject matter of this claim, in payment of their stock subscriptions. The property was in possession of the corporation when it went into receivership July 31, 1942.

In November, 1941, the corporation was in need of additional capital and Suarez advanced $2,500 to it on November 14th and 21st. On November 25, 1941, the directors authorized the president to borrow not less than $2,000 nor more than $5,000 secured by assignment of accounts receivable or a chattel mortgage on the properties or both. On November 31, 1941 (no claim has been advanced that November has but 30 days) in New York City, Suarez, with the corporation, acting by its president, executed an instrument designated

by title and in the form of a conditional bill of sale or chattel lease which stated that the corporation had received of Suarez certain goods or chattels itemized and described therein. It further stated: "which goods and chattels are to be and remain the property of said TINO SUAREZ until we shall have fully performed our part of the agreement as hereinafter set forth; we hereby agree to keep said property at our own risk and charge and pay unto said TINO SUAREZ for the use thereof the sum of $2500 on the 1st day of June 1942, until we shall have paid him the sum of $2500, as evidenced by his endorsements on the back of this agreement, when said goods and chattels shall become our property; when all claims to the same by him shall cease and be determined."

The instrument was signed by Suarez and for the corporation by its president in the presence of two witnesses and was acknowledged by both parties to it. However, it was not recorded in the town clerk's office in East Hartford until April 14, 1942.

By agreement of counsel the property has been sold by the receiver and the proceeds of the sale are being held pending disposition of this matter.

The first question to be determined is whether the instrument can be construed as a valid chattel mortgage. The receiver claims that the transaction should be considered as an absolute sale and relies in his argument upon sections 4697 and 4699 of the General Statutes, Revision of 1930, and *Standard Acceptance Corp. vs. Connor,* 127 Conn. 199, 203, and *Liquid Carbonic Co. vs. Black,* 102 id. 390. These sections control the execution and filing of conditional bills of sale. Section 4699 provides that all conditional sales not made in conformity to section 4697 shall be absolute sales except as between vendor, vendee and their personal representatives.

But there is a distinction between these two sections and section 5092 of the General Statutes, Revision of 1930, which governs the recording of chattel mortgages and provides that they shall be recorded in the same manner as mortgages of land. There is no statute (corresponding to §4699) to provide that chattel mortgages unless filed within a definite period of time are absolute sales, void or invalid mortgages or unsecured loans. In the absence of statutory provision, it is impossible to follow the receiver's contention.

It is not claimed that the instrument is a conditional bill of sale or chattel lease despite its heading and form. Title and possession of the chattels were in the corporation at the time the loan was made and the instrument was executed. Suarez never acquired title and never had possession of any of this property after the corporation was organized. The parties intended the instrument to be a chattel mortgage and relied upon the New York attorney who represented Suarez to prepare a proper form. As between the parties it is a chattel mortgage. *Standard Acceptance Corp. vs. Connor, supra.*

As to whether it is a chattel mortgage as to third parties and especially as to those who dealt with the corporation without knowledge of the true facts we have another situation. It is necessary to determine whether or not the instrument complies with the provisions of section 5092. So much of it as is applicable follows: "When any....printing, publishing or engraving establishment, together with the machinery, engines, implements, cases, types, cuts or plates situated and used therein....shall be mortgaged by a deed containing a condition of defeasance and a particular description of such personal property, executed, acknowledged and recorded as are mortgages of land, the retention by the mortgagor of the possession of such personal property shall not impair the title of the mortgagee."

The property involved is particularly described and it is machinery, etc., in a printing and publishing establishment. The instrument was executed, acknowledged and recorded (though tardily) as are mortgages of land. But does it contain a condition of defeasance?

Webster's New International Dictionary defines defeasance: "A condition, relating to a deed or other instrument, which being performed, the deed or instrument is defeated or rendered void." 1 *Jones, Chattel Mortgages and Conditional Sales* (1933) § 17, says: "A technical mortgage must contain a condition or defeasance making the instrument void upon performance of the condition....a formal expression is not essential." And in 11 *Words and Phrases* (Perm. ed.) p. 539, it is said: The defeasance "must contain proper words to defeat or put an end to the deed of which it is intended to be a defeasance, as that it shall be void or of no force or effect."

As set forth specifically above, the instrument provides that

Suarez' claim to the property conveyed was to cease and de-termine upon payment of the $2,500. That seems to be a sufficient condition of defeasance to comply with the statute and it is accordingly held that the instrument is a chattel mortgage.

The delay in recording the instrument raises another ques-tion however. Many creditors undoubtedly did business with the corporation between November 31, 1941, and April 14, 1942, in reliance upon the apparent ownership by the corpora-tion of this machinery and equipment which it was using at its place of business. The record would not have disclosed otherwise. After the instrument was recorded, persons who did business with the corporation had constructive notice, at least, of the lien which Suarez professed to have. Section 5092 states that chattel mortgages shall be recorded as are mort-gages of land. Section 5010 states: "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies." There is no statutory pro-vision as to the time within which a mortgage on real property must be recorded. Mortgages, either chattel or real, to op-erate as such from the date of execution must be filed within a reasonable time. What is a reasonable time depends upon the facts in each particular case and is for the court to determine.

The delay of four and one-half months in filing this chattel mortgage for record is not reasonable. *Camp vs. Thatcher Co.*, 75 Conn. 165, 169; *Bay City Shovels, Inc. vs. Roach*, 2 Conn. Sup. 19, 21; *B.C.S. Corp. vs. Abbott*, 9 id. 284, 286; *Air Equipment Corp. vs. Rubbercraft Corp.*, 79 F. (2d) 521.

As the statutes require the execution and recording of chattel mortgages to be governed by the prescription covering real mortgages, so should the courts determine the law with reference to this type of mortgage. Chattel mortgages do not seem to be used to any great extent in this State, and our courts, judging by the lack of precedent, have had little oc-casion to pass upon them. Our courts have considered some of these questions in their application to real mortgages, and in *Second National Bank of New Haven vs. Dyer*, 121 Conn. 263, at page 271, has said: "....the person who has failed to record the instrument under which he claims has thereby misled creditors into the belief that title is in the person who

appears upon the record to own the property....The person claiming the property may have a good title to it, but as against anyone who is entitled to rely upon the record he is barred from asserting that title." It would seem, therefore, that as to those creditors who did business prior to April 14, 1942, Suarez' security would be of no avail.

Recording of a chattel mortgage after the appointment of a receiver does not make it a valid mortgage as to the receiver, the representative of the creditors. *In re Wilcox and Howe Co.,* 70 Conn. 220, 234.

As there seems to be no determination in this jurisdiction of the relative rights of the mortgagee and the receiver where recording has antedated the receivership it will be necessary to look to equity.

"An action in receivership is an action in equity....A court of equity does full and equal justice to all having an interest in the subject-matter." *Stolman vs. Boston Furniture Co.,* 120 Conn. 235, 240. "A receiver succeeds to the assets of the estate subject to all outstanding equities against it." *Searle vs. Crampton,* 118 Conn. 42, 47.

The reasoning in *In re Guild, Bloomfield & Jensen, Inc.,* 51 F. (2d) 818, is particularly pertinent and the disposition equitable. The court said (p. 820): "....as to creditors whose claims originated prior to the filing of the contract, the sale must be deemed absolute. As to creditors whose claims originated subsequent to the filing of the contract, and who had a reasonable time by reference to the records to ascertain the existence of the contract, the conditional vendors are free to assert their title."

The opinion in the case of *In re Wiegand,* 27 F. Supp. 725, deserves consideration because there it is said that under a statute providing that a mortgage on a motor vehicle shall not be valid until registered in specified manner, the delay of over a month in recording a mortgage on an automobile would not make the mortgagee's rights junior to the rights of a trustee in bankruptcy, where the mortgage was in fact registered before the trustee's rights accrued by the filing of the petition in bankruptcy. *See, also, Ozark Acceptance Corp. vs. Yellow Truck & Coach Mfg. Co.* (Mo. App.) 137 S.W. (2d) 965; *McKeever vs. Brooks-Davis Chevrolet Co.* (Tex. Civ. App.) 74 S.W. (2d) 311.

An order may enter allowing the claim of Suarez as a secured claim as to all creditors whose claims were contracted for, originated or were incurred after April 14, 1942; as to claims arising on or prior to April 14, 1942, it is divested of preference and security and is a general claim only.